FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 18, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE BANNISTER, | NO. 4:26-CV-5020-TOR |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL WITH PREJUDICE |
| STATE OF WASHINGTON, | |
| Defendant. | |

BEFORE THE COURT are Defendant's Motion to Dismiss (ECF No. 5), Plaintiff's Motion to Amend Complaint (ECF No. 6), and Plaintiff's Petition for Writ of Quo Warranto (ECF No. 7). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**, Plaintiff's Motion to Amend Complaint (ECF No. 6) is **GRANTED**, and Plaintiff's Petition for Writ of Quo Warranto (ECF No. 7) is **DENIED**.

ORDER OF DISMISSAL WITH PREJUDICE ~ 1

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his original Complaint on February 13, 2026.  ECF No. 1.  Plaintiff alleged that the State of Washington's first legislative session in 1889 was an unlawful act because it improperly defined the terms "state" and "territory" to be interchangeable without the requisite enactment clause.  ECF No. 1.  As a result, Plaintiff alleges Washington has persisted as a territory rather than a state in violation of Article IV, Section 3 of the United States Constitution.  *Id.* at 8.

Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim on March 6, 2026.  ECF No. 5.  In response, Plaintiff asserts that the claim was meant to be brought under Article IV, Section 4 of the Constitution and now moves to amend his complaint to correct the typo.  ECF No. 6.  Defendant argues that even with the amendment, Plaintiff still fails to state a claim.  ECF No. 8.

## DISCUSSION

As an initial matter, the Court grants Plaintiff's motion to amend his Complaint.  An amended complaint ordinarily renders a pending motion to dismiss moot unless the amended complaint is substantially identical to the original.  *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023).  The Court finds Plaintiff's Amended Complaint is substantially identical to the original as to not render Defendant's motion to dismiss moot.

ORDER OF DISMISSAL WITH PREJUDICE ~ 2

Defendant originally moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  However, in response to Plaintiff's Amended Complaint, Defendant more heavily relies on a dismissal under Rule 12(b)(1).  ECF No. 8 at 2-3.

**A. Rule 12(b)(1)**

A court must dismiss a claim pursuant to Rule 12(b)(1) where "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  When analyzing a Rule (12)(b)(1) motion attacking the face of a complaint, the Court accepts the material facts of the complaint as true.  *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claims.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

**B. Analysis**

Plaintiff's claims are exclusively brought under Article IV, Section 4 ("Guarantee Clause") of the Constitution which provides:

> The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic violence.

Plaintiff contends that the State of Washington has been unlawfully

ORDER OF DISMISSAL WITH PREJUDICE ~ 3

governed as a territory rather than a state in violation of the Guarantee Clause. ECF No. 6 at 2. As a result, Plaintiff and the People of Washington have been deprived of the right to self-govern. ECF No. 1 at 8. Plaintiff therefore asks the Court to issue a writ of quo warranto requiring the "actors of the de-facto territorial government of Washington to produce their authority to govern territorially as the 'State of Washington.' " *Id.*

Defendant argues that any claim premised under the Guarantee Clause is a nonjusticiable political question requiring dismissal. ECF No. 8 at 3. Indeed, the United States Supreme Court has repeatedly concluded "that the Guarantee Clause does not provide the basis for a justiciable claim." *Rucho v. Common Cause*, 588 U.S. 684, 718 (9th Cir. 2019); *see also New York v. United States*, 505 U.S. 144, 184 (1992) ("[I]t rests with Congress, not the judiciary, to decide what government is the established one in a State." (internal quotation marks and citation omitted)).

As Plaintiff's claims rest on the Guarantee Clause, they are nonjusticiable, and the Court lacks subject matter jurisdiction to hear them. Therefore, they must be dismissed pursuant to Rule 12(b)(1).

Even if the claims were justiciable, Plaintiff lacks standing to bring a petition for quo warranto in any event. "Quo warranto is an ancient writ used by the King of England to determine if an individual's claim to an office or franchise is well-founded." *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 n.5 (9th

ORDER OF DISMISSAL WITH PREJUDICE ~ 4

Cir. 1994).  "Under federal case law, it appears that a quo warranto proceeding can be brought only by the United States, and not by private individuals." *Allah v. Linde*, No. C07-827, 2008 WL 1699441, at *1 (W.D. Wash. Apr. 10, 2008) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)).  Thus, Plaintiff, as a private citizen, does not have standing to bring a petition for quo warranto.

Plaintiff argues that as his claim rests on the argument that a territorial government is unlawfully occupying the authority and venue of a state, only a state would have standing to bring a petition for quo warranto.  ECF No. 6 at 4. Plaintiff further argues that because the actions of the territorial government have precluded the ability of the State of Washington to exist, only the territory citizens are left.  Plaintiff therefore argues that a citizen may bring this action qui tam on behalf of a sovereign.  *Id.*

Plaintiff has not demonstrated a proper basis for federal jurisdiction over his writ.  Only the United States may bring a federal petition for quo warranto. *See Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 502 (1933).  Plaintiff does not cite to any case law or statute that supports his argument.  Plaintiff's petition is denied and his complaint is dismissed.  Additionally, because it is clear that even liberally construing Plaintiff's complaint, any defect cannot be cured by amendment, the dismissal is with prejudice.  *See Lucas v. Dep't of Corr.*, 66 F.3d

ORDER OF DISMISSAL WITH PREJUDICE ~ 5

245, 248 (9th Cir. 1995).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Amend Complaint (ECF No. 6) is **GRANTED**.

2.  Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED with prejudice**.

3.  Plaintiff's Petition for Writ of Quo Warranto (ECF No. 7) is **DENIED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to the parties, and close the file.

DATED May 18, 2026.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITH PREJUDICE ~ 6